UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JERRY LYNN PECK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-cv-242 |
| | ) | *Jordan* |
| | ) | |
| FEDERAL BUREAU OF PRISONS | ) | |
| and UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Tennessee Department of Correction and housed at the Morgan County Correctional Facility in Wartburg, Tennessee. He is challenging the execution of a federal sentence and asks the court to order the Bureau of Prisons to calculate his federal sentence. Petitioner claims his federal sentence is nearing completion; he also claims that a federal detainer was improperly filed against him and is adversely affecting his state parole eligibility. The government has filed a response to the petition, to which the petitioner has replied. For the following reasons, the § 2241 petition will be **DENIED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I. Factual Background

In support of its answer to the habeas corpus petition, the government has attached the declaration, under penalty of perjury, of Sandra M. Gregg, the Inmate Systems Specialist at the Mid-Atlantic Regional Office of the Bureau of Prisons. [Court File No. 5, Exhibit 1, Declaration of Sandra M. Gregg]. Copies of the documents relevant to petitioner's various criminal convictions are attached to Ms. Gregg's declaration. [*Id.*, Attachments A - H].

Upon his plea of guilty, petitioner was convicted of two counts of felony theft in the 4th Judicial District Court, Ouchita Parish, Louisiana, on April 30, 1996. He was sentenced to concurrent terms of imprisonment of five years at hard labor. In addition, parole from a previous conviction was revoked, resulting in an effective sentence of approximately seven to eight years. *State v. Peck*, No. 93-F-0887 (4th Judicial District Court, La. May 9, 1996) (Judgment) [Attachment D].

Petitioner subsequently pleaded guilty, in the United States District Court for the Western District of Louisiana, to felon in possession of a firearm. On September 9, 1996, he was sentenced to a term of imprisonment of 210 months. The district court ordered the federal sentence to run consecutive with four years of petitioner's approximately eight-year Louisiana state sentence; the court recognized that the federal sentence would thus be partially consecutive to and partially concurrent with the state sentence. *United States v. Jerry Lynn Peck*, Criminal Action No. 96-cr-50025 (W.D. La. September 9, 1996) (Judgment of Conviction) [Attachment A].

Petitioner was returned to the custody of the State of Louisiana after his federal sentencing. [Attachment B]. On December 9, 1999, the judgment of conviction from the Western District of Louisiana was amended and petitioner was sentenced to a term of imprisonment of 105 months, to be served consecutive to his state sentence. [Attachment C].

On January 9, 2000, petitioner escaped from the Ouchita Correctional Center in Louisiana, with eleven days remaining on his state sentence. [Attachment D]. In addition to the eleven days petitioner owes the State of Louisiana, the Louisiana authorities will deduct six months credit for good conduct, which will add to the amount of time to be served on petitioner's Louisiana sentence. [Attachment E].

While on escape status from Louisiana, petitioner was convicted in the Criminal Court of Wilson County, Tennessee, on state charges of aggravated burglary, aggravated robbery, and kidnapping. He was sentenced on March 12, 2001, to concurrent prison terms of ten years, 20 years, and ten years, for an effective sentence of 20 years; the sentence was ordered to be served consecutive to petitioner's Louisiana and federal sentences. *State v. Jerry L. Peck*, Nos. 00-0244, 00-0476, and 00-0477, respectively (Wilson County Criminal Court, Tenn. March 12, 2001) (Judgments of conviction) [Attachments F - H, respectively]. Petitioner remains in the custody of the Tennessee Department of Correction on his Wilson County convictions.

II.     Discussion

Petitioner alleges that his Louisiana state sentence was completed no later than April 30, 2001, and thus the execution of his federal sentence of 105 months commenced on that date. He apparently further claims that his federal sentence has continued to run while he has been serving his Wilson County, Tennessee, sentence. Petitioner is in error.

Since petitioner escaped from the custody of the State of Louisiana, he has not completed that sentence and his federal sentence has not yet commenced. *See United States v. Quintero*, 157 F.3d 1038, 1041 n.3 (6th Cir. 1998) ("'A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.'") (quoting 18 U.S.C. § 3585(a)). In addition, the Tennessee sentence was specifically ordered to be served consecutive to the Louisiana and federal sentences. Accordingly, when petitioner has served his Tennessee state sentence, he will be returned to the custody of the State of Louisiana to finish serving that sentence, and only then will he be delivered to federal authorities to commence serving his federal sentence.

Based upon the foregoing, petitioner is not entitled to habeas corpus relief. He is not entitled to a calculation of his federal sentence at this time. Furthermore, there is nothing to suggest that a federal detainer was illegally filed.

III.     Conclusion

The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge
